IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARINA KRISHMAR-JUNKER, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 23-00431-KD-B |
| | * |
| KINGLINE EQUIPMENT, INC., | * |
| | * |
|     Defendant. | * |

**ORDER**

This action is before the Court on Defendant's motion to dismiss, Plaintiff's response, and Defendant's reply. (Docs. 8, 10, 11). Based upon a cursory review of the parties' briefs, the Court notes that the parties have not directly addressed the issue of what substantive law applies to each of Plaintiff's claims, seemingly assuming that it is Alabama law. (See id.).

"When a federal court decides a state law claim, whether acting pursuant to diversity or supplemental jurisdiction, it applies the choice-of-law rules of the jurisdiction in which its sits." Benchmark Med. Holdings, Inc. v. Rehab Sols., LLC, 307 F. Supp. 2d 1249, 1258-59 (M.D. Ala. 2004). Accordingly, Alabama choice-of-law doctrine applies to all state law claims in this action. As a preliminary matter, the court must characterize the legal claims and determine whether each claim "sound[s] in torts, contracts, property law, etc." Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007). The

court must then determine the choice-of-law rule the forum state applies to each particular claim. Id. A court may apply the laws of different states to different claims in a case. See, e.g., Huntsville Golf Dev., Inc. v. Est. of Brindley, 2015 U.S. Dist. LEXIS 131472, at *18-19, 2015 WL 5693608, at *6 (N.D. Ala. Sept. 29, 2015) (applying Tennessee law to plaintiff's contract-based claims and Alabama law to plaintiff's tort claims).

"Alabama applies the traditional doctrines of *lex loci contractus* to contract claims and *lex loci delicti* to tort claims." Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co., 358 F.3d 1306, 1308 (11th Cir. 2004). "The rule of *lex loci delicti* mandates that tort claims brought in Alabama are to be decided by the law of the state where the injury occurred." Sunbelt Veterinary Supply, Inc. v. Int'l Bus. Sys. U.S., Inc., 985 F. Supp. 1352, 1355 (M.D. Ala. 1997) (citing Norris v. Taylor, 460 So. 2d 151, 152 (Ala. 1984)). Under the principle of *lex loci contractus*, "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." Benchmark Med. Holdings, 307 F. Supp. 2d at 1259 (quoting Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991)).

The complaint in this case alleges that Plaintiff Marina Krishmar-Junker resides in Baldwin County, Alabama. (Doc. 1 at

1).   The complaint further alleges that Defendant Kingline Equipment, Inc. is a Florida corporation "located at 3221 Highway 29 South in the city of Cantonment, Florida" which "operates as a foreign corporation in Alabama at the address 19425 State Highway 59, in Summerdale, AL."  (Id.).  The complaint states that on July 29, 2021, Plaintiff "entered into an agreement with the defendant . . . to buy a brand-new New Holland Workmaster-75 Tractor for the amount of $49,659.08."  (Id. at 2).  However, the complaint does not specify the state in which the referenced "agreement for the sale of a new tractor" was made, nor does Plaintiff attach a copy of the agreement.  (See Doc. 1, generally).  Additionally, Defendant has attached to its motion to dismiss a copy of a "Warranty and Limitation of Liability Agreement" for "New Holland Tractors & Equipment," which was executed on July 29, 2021, and lists the dealer as Kingline Equipment of 3221 Highway 29 South, Cantonment, Florida 32533.  (Doc. 8-1).  Thus, the limited information before the Court suggests that despite being an Alabama resident and presumably taking delivery in Alabama, Plaintiff may have contracted with Defendant to purchase the subject tractor in Florida.

In light of the foregoing, Plaintiff and Defendant are **ORDERED** to each file a supplemental brief not to exceed fifteen (15) pages on or before **February 14, 2024,** addressing which state's law the

3

Court should apply to each claim asserted in this action.

**ORDERED** this **31st** day of **January, 2024.**

                                                     **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**