IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARINA KRISHMAR-JUNKER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00431-KD-B |
| | * |
| KINGLINE EQUIPMENT, INC., | * |
| | * |
| Defendant. | * |

## ORDER

This action is before the Court on Plaintiff Marina Krishmar-Junker's motion to disqualify the undersigned Magistrate Judge (Doc. 46). Krishmar-Junker, who is proceeding *pro se* in this action, accuses the undersigned of having a personal bias or prejudice against her and in favor of Defendant Kingline Equipment, Inc. Thus, Krishmar-Junker moves for the undersigned's disqualification or recusal pursuant to 28 U.S.C. §§ 144 and 455. For the reasons set forth below, Krishmar-Junker's motion is **DENIED**.

### I. BACKGROUND

In her motion to disqualify, Krishmar-Junker lodges several complaints regarding the orders and actions of the undersigned Magistrate Judge in this case, primarily relating to case management issues and deadlines set by the undersigned. (See Doc. 46).

The record reflects that on February 24, 2025, the Court granted in part and denied in part Kingline's motion to dismiss Krishmar-Junker's amended complaint pursuant to the undersigned's report and recommendation. (Docs. 24, 28). On February 25, 2025, the undersigned entered an order setting a Rule 16(b) scheduling conference for March 17, 2025. (Doc. 29 at 1). The undersigned directed Krishmar-Junker, counsel for Kingline, and an authorized Kingline representative with final settlement authority to personally appear for the Rule 16(b) scheduling conference. (Id.). In preparation for the scheduling conference, the undersigned ordered the parties to meet and file a planning report pursuant to Federal Rule of Civil Procedure 26(f) as soon as practicable but not later than March 10, 2025. (Id. at 2). The undersigned's order permitted the parties to conduct their planning meeting by telephone if Krishmar-Junker's residence and the office of Kingline's principal counsel were not within 100 miles of one another. (Id.). Krishmar-Junker contends that this "sudden" order set "an **impossibly short time**" for the parties to meet and file a Rule 26(f) report. (Doc. 46 at 3 (emphasis in original)).

On or about March 5, 2025, Krishmar-Junker submitted a note stating that she was unable to attend the upcoming Rule 16(b) scheduling conference because she was in New York City with "no access to computer or reliable internet" and would "be out of town until the middle of June 2025." (Doc. 31). Kingline also moved

2

to continue the scheduling conference because its preferred representative had a conflict on March 17, 2025. (Doc. 30).

Accordingly, on March 10, 2025, the undersigned entered a text order extending the parties' deadline to meet and file a Rule 26(f) report to March 28, 2025, and rescheduling the Rule 16(b) scheduling conference to April 4, 2025, with all parties now to appear by telephone. (Doc. 32). The order concluded:

> While Plaintiff has represented to the Court that she does not have access to a computer or reliable internet while in New York, her case, which she filed in November 2023, cannot lay idle until her expected return to this area in June 2025. Accordingly, Plaintiff is DIRECTED to appear by telephone at the Rule 16(b) scheduling conference on April 4, 2025.

(Id.). Krishmar-Junker contends that the eighteen-day extension of time for the parties to meet and file a Rule 26(f) report was unreasonably short given the fact that she was "out of state in New York and did not have access to the computer or the internet." (Doc. 46 at 3).

On April 4, 2025, the undersigned conducted the Rule 16(b) scheduling conference by telephone. (Doc. 37). On April 14, 2025, the undersigned entered a Rule 16(b) scheduling order. (Doc. 40). Based on certain provisions in the scheduling order, along with an alleged out-of-court comment by Kingline's counsel and statements allegedly made by the undersigned at the scheduling conference, Krishmar-Junker posits that the undersigned "must have" had "improper ex-parte communications" with Kingline's counsel prior

3

to the scheduling conference. (Doc. 46 at 3-6). Krishmar-Junker also believes that the undersigned "appeared to be extremely one sided" in favor of Kingline during the conference. (Id. at 4). Thus, Krishmar-Junker moves for the undersigned's disqualification or recusal pursuant to 28 U.S.C. §§ 144 and 455. (Id. at 1).[1]

## II. DISCUSSION

A federal judge must recuse herself if a party to a proceeding "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [her] or in favor of any adverse party." 28 U.S.C. § 144. To warrant recusal under § 144, the party's affidavit "must allege facts that would convince a reasonable person that bias actually exists." Christo v.

---

[1] Immediately after the Rule 16(b) scheduling conference, Krishmar-Junker filed a document purporting to "decline" magistrate judge jurisdiction and to request that all further "proceedings be handled by a United States District Judge." (Doc. 38). However, as the undersigned tried to explain to Krishmar-Junker at the scheduling conference, a district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). If a pretrial matter is dispositive, the magistrate judge will submit a report and recommendation to the district judge instead of ruling directly on the matter. See id. at § 636(b)(1)(B). "Although consent of the parties is required for a magistrate judge to enter judgment in a case, [see 28 U.S.C.] § 636(c)(1), it is not required for actions taken under § 636(b)." United States v. Varnado, 447 F. App'x 48, 49-50 (11th Cir. 2011) (per curiam). Thus, although Krishmar-Junker might prefer that a district judge handle all further proceedings in her case, her consent is not required for a magistrate judge to rule on non-dispositive pretrial matters and to submit recommendations on dispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1). See Bilal v. Benoit, 2023 U.S. Dist. LEXIS 79431, at *2, 2023 WL 3306545, at *1 (N.D. Fla. May 8, 2023).

Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).[2]

A federal judge must also disqualify herself from "any proceeding in which [her] impartiality might reasonably be questioned" or if the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) & (b)(1). To require recusal under this statute, the movant must show that "an

---

[2] Section 144 requires an affidavit of bias and prejudice that is timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel or the affiant presenting the motion. See Miccosukee Tribe of Indians of Fla. v. Cypress, 56 F. Supp. 3d 1324, 1328 (S.D. Fla. 2014). "For a [§] 144 affidavit to be sufficient, the facts averred therein must meet the following requirements: 1. The facts are material and stated with particularity. 2. The facts are such that, if true they would convince a reasonable person that a bias exists. 3. The facts show the bias is personal, as opposed to judicial, in nature." Patterson v. Am. Airlines, 2019 U.S. Dist. LEXIS 236037, at *6, 2019 WL 11504786, at *2 (S.D. Fla. July 24, 2019) (quoting United States v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979)). An affidavit is insufficient if it merely states conclusions, rumors, beliefs, and opinions. See Roussel v. Tideland's Capital Corp., 438 F. Supp. 684, 690 (N.D. Ala. 1977) ("The orderly administration of justice requires that affidavits filed under [§ 144] be strictly construed so as to prevent abuse, and that they state facts, not baseless conclusions, showing personal bias or prejudice of the judge against the affiant.") (quoting Beland v. United States, 117 F.2d 958, 960 (5th Cir. 1941)). Here, Krishmar-Junker's declaration in support of her motion to disqualify is legally insufficient because it is devoid of facts and merely states her belief or opinion that the undersigned "is prejudiced against" Krishmar-Junker or her "interest" so that she "cannot, or believes that she cannot have a fair and impartial trial or hearing before such Judge." (Doc. 46 at 8). Because Krishmar-Junker's declaration is legally insufficient under § 144, that statute does not require the undersigned's recusal or disqualification from this matter. Given the legal insufficiency of Krishmar-Junker's declaration under § 144, the undersigned primarily considers Krishmar-Junker's motion to disqualify under the less formal requirements of § 455.

objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo, 223 F.3d at 1333.

"Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (per curiam); see also Brown v. U.S. Pat. & Trademark Off., 226 F. App'x 866, 869 (11th Cir. 2007) (per curiam) (noting that "complaints regarding 'judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel' are not sufficient to require recusal") (quoting Liteky v. United States, 510 U.S. 540, 556 (1994)). "The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter, 906 F.2d at 678. "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'" Id. (quoting Jaffe v. Grant, 793 F.2d 1182, 1189 (11th Cir. 1986)). However, a judge should not recuse herself from a case based upon "unsupported, irrational, or highly tenuous speculation." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (per curiam).

Krishmar-Junker's motion to disqualify is unavailing because she has failed to demonstrate that the undersigned harbors personal bias or prejudice against her, or that a fully informed observer might doubt the undersigned's impartiality in this case.

6

As noted *supra*, Krishmar-Junker contends that the undersigned "ordered an **impossibly short time**" for the parties to meet and file a Rule 26(f) report, even after being informed that Krishmar-Junker was out of state without reliable computer or internet access. (Doc. 46 at 3). However, the Court's case management efforts are not proper grounds for recusal. See, e.g., Wood v. Frederick, 2022 U.S. App. LEXIS 14874, at *12, 2022 WL 1742953, at *4 (11th Cir. May 31, 2022) (per curiam) ("Wood has not alleged that the district judge's bias stems from any extrajudicial sources. His opening brief argues that the judge's behavior in the underlying case shows 'pervasive bias, animus and prejudice toward [Wood],' but, as evidence, he points to certain scheduling orders that affected him and Appellees equally. Even assuming that certain case management orders by the district court asymmetrically disadvantaged Wood, such actions cannot reasonably call into doubt the judge's impartiality."); Whitest v. Crisp Cty. Sch. Dist., 2022 U.S. Dist. LEXIS 247694, at *10, 2022 WL 21841606, at *3 (M.D. Ga. Mar. 3, 2022) ("[T]he Court's routine case administration efforts, including the time it takes to consider and rule on motions, do not reveal any bias and are not proper grounds for recusal."), aff'd, 2023 U.S. App. LEXIS 32934, 2023 WL 8627498 (11th Cir. Dec. 13, 2023) (per curiam).

While Krishmar-Junker accuses the undersigned of partiality, she does not acknowledge that in scheduling the Rule 16(b)

7

scheduling conference, the undersigned took the unusual step of initially ordering a Kingline representative with settlement authority to be personally present for the Rule 16(b) scheduling conference in response to *Krishmar-Junker's* stated desire to reach a resolution of this dispute without the need for further litigation and in an effort to aid both parties in conserving time and financial resources if an early settlement could be reached. (See, e.g., Doc. 23 at 6 ("Plaintiff filed this action only out of despair, as her last remedy, to have the Defendant respond and resolve the disastrous situation the Plaintiff faces.")). Krishmar-Junker also ignores the fact that the undersigned accommodated her and changed the in-person scheduling conference to a telephone conference after being informed that Krishmar-Junker was out of state.

Krishmar-Junker claims that prior to the scheduling conference, Kingline's counsel told her "that he heard that the court would look with great disfavor upon, and will not consider, time extensions." (Doc. 46 at 3). Based on this alleged comment, Krishmar-Junker concludes that it is "apparent that prior conversations existed between the Judge and the Defendant's attorneys and an undisclosed conflict of interest may exist." (Id. at 3-4). However, Krishmar-Junker's belief is founded solely on mere speculation that is wholly unsupported. See United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (per curiam)

8

("Recusal cannot be based on unsupported, irrational or highly tenuous speculation.") (quotation omitted). Contrary to Krishmar-Junker's suggestion, Kingline's counsel did **not** have any ex parte conversations with the undersigned. Further, it is well known that this Court views requests for extension of the discovery period with disfavor. See, e.g., Conyers v. Inland Dredging Co., LLC, 2006 WL 3292568, at *1 (S.D. Ala. Nov. 13, 2006) ("The scheduling order entered in this case expressly warns the parties that[:] Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.") (citation omitted); see also Gilfus v. McNally Cap., LLC., 2021 WL 12302371, at *1 (M.D. Fla. Oct. 29, 2021) ("Under the Scheduling Order, motions for extension of deadlines are disfavored. Deadlines will not be extended absent a showing of good cause."); Suarez v. Nationstar Mortg. LLC, 2023 U.S. Dist. LEXIS 205051, at *4-5, 2023 WL 7505266, at *2 (S.D. Fla. May 19, 2023) ("The Court also issued an Order Setting Forth the Court's Policy on Motions for Extension or Stay of the Scheduling Order Deadlines which states: Motions for extension of time or for stay regarding the deadlines set forth in the Court's Scheduling Order are highly disfavored. The Parties select and agree to their deadlines as set forth in the Joint Scheduling Report. Thereafter, the Court enters its Scheduling Order and

9

Sets the trial date accordingly. Therefore, in order to preserve the trial date and the administration of the Court's docket, the Court will only grant these motions in the rarest of circumstances . . . .") (citation omitted); Fed R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Krishmar-Junker also alleges the existence of "an undisclosed conflict of interest" or "some kind of prior connection" between the undersigned and Kingline's counsel based on her belief that at "the beginning of the telephone [scheduling] conference on April 4, 2025, the Magistrate Judge was persistently asking if Mr. Kristopher Anderson (who is one of the Defendant's three attorneys but not present on the teleconference) is on the conference call or joining it" and "was apparently disappointed that he had not." (Doc. 46 at 4). However, a review of the audio from that conference reveals that it was the *courtroom deputy*, not the undersigned, who asked whether Mr. Anderson was on the call.[3] Thus, Krishmar-Junker's insinuation of improper prior communications between the undersigned and Mr. Anderson are completely misinformed and unfounded.

Krishmar-Junker further argues that recusal is necessary

---

[3] Additionally, the audio contains no hint of "disappoint[ment]" when the courtroom deputy was informed that Mr. Anderson was not on the call.

10

based on comments she alleges the undersigned made during the Rule 16(b) scheduling conference. However, out of an abundance of caution, the undersigned has reviewed the audio from the conference, and it is devoid of anything that could be construed as partiality or bias against Krishmar-Junker. Rather, the audio plainly reveals that Krishmar-Junker has misinterpreted and mischaracterized the undersigned's neutral remarks and explanations as "threatening" and "one-sidedly aimed." In fact, as the Court specifically informed Krishmar-Junker during the scheduling conference, the undersigned's remarks and explanations were primarily directed toward Krishmar-Junker (rather than the counseled Defendant) only to ensure that she was aware of the relevant procedures for a case in federal court and her obligations as a *pro se* litigant.

More troublingly to the Court, a review of the audio from the scheduling conference reveals that Krishmar-Junker attributes comments to the undersigned that the undersigned did not make. For example, although the undersigned discussed the concept of both sides making compromises in order to settle a case, the undersigned never "advised [Krishmar-Junker] that she should expect to not be made whole." Nor did the undersigned at any point tell Krishmar-Junker that her "claim will be dismissed on the summary judgment," or that Kingline's "counterclaim will be granted so that [Krishmar-Junker] will lose and incur monetary

11

sanctions." And, although Krishmar-Junker complains that the undersigned warned her that she could sanctioned by the Court "upon noncompliance" with her discovery obligations, she fails to mention that the undersigned made clear this applied to both sides.

Krishmar-Junker further argues that recusal is warranted based on provisions in the Court's Rule 16(b) scheduling order. However, as noted already, "judicial rulings [and] routine trial administration efforts" are insufficient to require a judge's recusal. Liteky, 510 U.S. at 556; Whitest, 2023 U.S. App. LEXIS 32934, at *15, 2023 WL 8627498, at *5 ("Mere disagreement with the district court's rulings and management of the case is insufficient to warrant recusal."). In any event, Krishmar-Junker fails to identify any provisions in the scheduling order that would convince a reasonable person that the undersigned is actually biased against her, or that would support her ludicrous claims of improper ex parte communications between the undersigned and Kingline's counsel.

Contrary to Krishmar-Junker's accusation that the "Magistrate Judge and the Defendant must have already had a 'phone call' discussing discovery" because the Court limited each party to thirty interrogatories, the record reflects that Kingline's proposed draft planning report, which Kingline *filed with the Court* before the scheduling conference, requested that each party be limited to a maximum of thirty interrogatories. (See Doc. 36-1 at

7). Krishmar-Junker's accusation of "improper ex-parte communications" between the Court and Kingline's counsel based on the fact that Court limited each party to five depositions is similarly irrational, particularly considering the fact that the Court allowed the parties a *greater* number of depositions than requested by Kingline in its proposed draft planning report. (See Doc. 36-1 at 7; Doc. 40 at 3). With respect to Krishmar-Junker's contention that the undersigned included a "biased" and "hostile footnote" in the Rule 16(b) scheduling order (Doc. 46 at 6), any rational reading of that footnote shows that it is strictly factual and does not "assume" the correctness of either party's "presentation of the events." (See Doc. 40 at 1-2 n.1).

Finally, no reasonable observer could infer bias or partiality based on the undersigned's request for supplemental briefing addressing which state's laws applied to the claims asserted in this action, or based on the time it took for the undersigned to consider and issue a report and recommendation addressing each motion to dismiss filed by Kingline. (See Doc. 46 at 6-7).

### III. CONCLUSION

In sum, Krishmar-Junker has not shown that recusal or disqualification of the undersigned Magistrate Judge is warranted under either § 144 or § 455, and the undersigned finds no valid basis to recuse from this case. As noted previously, a judge shall

not recuse herself based on the sort of unsupported and tenuous speculation relied upon by Krishmar-Junker. The undersigned harbors no bias or prejudice against Krishmar-Junker or any other party in this matter and has and will continue to impartially adjudicate this case. Accordingly, Krishmar-Junker's motion to disqualify the undersigned Magistrate Judge (Doc. 46) is **DENIED**.

    **ORDERED** this **8th** day of **May, 2025.**

                                                        /s/ SONJA F. BIVINS
                                          **UNITED STATES MAGISTRATE JUDGE**