```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

MARINA KRISHMAR-JUNKER,        *
                               *
     Plaintiff,                *
                               *
vs.                            *   CIVIL ACTION NO. 23-00431-KD-B
                               *
KINGLINE EQUIPMENT, INC.,      *
                               *
     Defendant.                *
```

## ORDER

This action is before the Court on review of Plaintiff/Counterclaim Defendant Marina Krishmar-Junker's motion for protective order and to quash notice of deposition (Doc. 54) and reply in support thereof (Doc. 59). In her motion, Krishmar-Junker asserts that she currently resides in Torrance, California, and that it would be "burdensome and oppressive" to "[d]ivert" her "from caregiving" and require her to appear for a deposition in Alabama. (Doc. 54 at 3). In her reply, Krishmar-Junker similarly contends that "[t]he expensive travel on demand for over 2600 miles will cause unnecessary hardship and physical distress for [Krishmar-Junker] and her family." (Doc. 59 at 4). Krishmar-Junker further states that she and her husband are "not in good health," and that her "own health recently started to deteriorate." (Id. at 5).

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that

forum." Morgan v. Ferguson, 2022 U.S. Dist. LEXIS 226877, at *4, 2022 WL 17736227, at *2 (S.D. Fla. Dec. 16, 2022) (quoting Levick v. Steiner Transocean Ltd., 228 F.R.D. 671, 672 (S.D. Fla. 2005)). "In accordance with this general rule, 'a plaintiff must make herself available for deposition in the judicial district in which she filed suit.'" Id. (quoting Sarac v. Univ. of S. Fla. Bd. of Trs., 2020 U.S. Dist. LEXIS 2761, at *4, 2020 WL 97782, at *2 (M.D. Fla. Jan. 8, 2020)).

However, "the district court has great discretion in designating the location of taking a deposition." Partecipazioni Bulgari, S.p.A. v. Meige, 1988 U.S. Dist. LEXIS 12122, at *2, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988). "This discretion stems from Rule 26(c), 'which allows a court, for good cause, to issue protective orders in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."'" Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc., 2009 U.S. Dist. LEXIS 92349, at *7, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009) (quoting Fed. R. Civ. P. 26(c)(1)). "[I]f a plaintiff demonstrates 'hardship or burden that outweighs any prejudice to the defendant, the general rule requiring a plaintiff to appear for deposition in the forum may yield to the exigencies of the particular case.'" Trinos v. Quality Staffing Servs. Corp., 250 F.R.D. 696, 699 (S.D. Fla. 2008) (quoting Luna v. Del Monte Fresh Produce (Se.), Inc., 2007 U.S.

2

Dist. LEXIS 36893, at *8, 2007 WL 1500269, at *2 (N.D. Ga. May 18, 2007)).

"Rule 26 authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if [she] demonstrates the requisite good cause." Hogue v. McHugh, 2012 U.S. Dist. LEXIS 204432, at *4, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)). "Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending." Id. "To make a showing of good cause, the movant has the burden of showing the injury 'with specificity.'" Trinos, 250 F.R.D. at 698 (quoting Pearson v. Miller, 211 F.3d 57, 72 (3d Cir. 2000)). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection." Id. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id.; see, e.g., Watson v. Lemongrass RPP LLC, 345 F.R.D. 247, 248 (S.D. Fla. 2023) (finding no good cause to order that Plaintiff's deposition be taken at a different location or by alternative means because Plaintiff had "not set forth any 'particular and specific demonstration of fact'" and had simply stated "that traveling this distance is costly and inconvenient").

In this case, Krishmar-Junker has not provided any particular

3

and specific demonstration of fact and has offered only broad and conclusory statements in support of her assertion that appearing for a deposition in the judicial district in which she filed suit would place an undue hardship on her. However, in light of Krishmar-Junker's *pro se* status, the undersigned will afford Krishmar-Junker one final opportunity to set forth a particular and specific demonstration of fact establishing good cause for entry of an order that her deposition be taken in a different location or by alternative means. Thus, Krishmar-Junker is **ORDERED** to file any additional information or evidence in support of her motion for protective order (Doc. 54) on or before **June 17, 2025.**

**DONE** this **3rd** day of **June, 2025.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**