```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

MARINA KRISHMAR-JUNKER,            *
                                   *
    Plaintiff,                     *
                                   *
vs.                                *   CIVIL ACTION NO. 23-00431-KD-B
                                   *
KINGLINE EQUIPMENT, INC.,          *
                                   *
    Defendant.                     *

## ORDER

This action is before the Court on Plaintiff/Counterclaim Defendant Marina Krishmar-Junker's motion for protective order and to quash notice of deposition (Doc. 54), Defendant/Counterclaim Plaintiff Kingline Equipment, Inc.'s response in opposition (Doc. 57), and Krishmar-Junker's reply and additional evidentiary material in support of her motion (Docs. 59, 63). This matter has been referred to the undersigned Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, and for the reasons stated herein, Krishmar-Junker's motion for protective order and to quash notice of deposition (Doc. 54) is **DENIED**.

    I.    **BACKGROUND**

Plaintiff/Counterclaim Defendant Marina Krishmar-Junker ("Krishmar-Junker"), who is proceeding *pro se*, filed this diversity action against Defendant/Counterclaim Plaintiff Kingline

Equipment, Inc. ("Kingline") in the Southern District of Alabama.[1] When she commenced this action in November 2023, Krishmar-Junker resided in Baldwin County, Alabama. (Doc. 1 at 1). Krishmar-Junker continued to list a Baldwin County, Alabama address in her filings through January 30, 2025. (See Doc. 27).

In March 2025, Krishmar-Junker informed the Court that she was in New York City and would "be out of town until the middle of June 2025," and she listed a return address in Torrance, California. (Doc. 31). Since that time, Krishmar-Junker has consistently listed the same Torrance, California address in her filings. (See Docs. 34, 38, 42, 44, 45, 46, 49, 50, 54, 56, 58, 59, 61, 62, 63).

On April 14, 2025, the Court entered a Rule 16(b) scheduling order, which requires all discovery in this case to be completed on or before October 31, 2025. (Doc. 40). On April 22, 2025, Kingline served a notice of deposition indicating that Kingline would take Krishmar-Junker's deposition at the office of Kingline's counsel on a date and time to be determined.[2] (See Doc.

---

[1] Kingline filed counterclaims against Krishmar-Junker on March 11, 2025. (Doc. 33).

[2] Kingline explains that its notice of deposition "stated 'TBD' for time and [date] because it was a placeholder pending Krishmar-Junker's provision of a date and time for her in-person deposition." (Doc. 57 at 4 n.3). The record reflects that on April 20, 2025, Krishmar-Junker emailed Kingline's counsel and stated: "I have not received any response from you regarding the (Continued)

2

43; Doc. 54 at 1; Doc. 57 at 4 n.3). On April 29, 2025, after receiving the notice of deposition, Krishmar-Junker emailed Kingline's counsel and requested to be deposed remotely because her husband's "health conditions is not allow me to leave his side at this time to travel to Alabama." (Doc. 57-2 at 4). In an email later that day, Krishmar-Junker also expressed concern about "how intense the hurricane season will be this summer." (Id. at 3). Kingline's counsel remained insistent that Krishmar-Junker appear in person for her deposition, but Krishmar-Junker declined to provide a date for her deposition and continued to request a remote

---

depositions you want to conduct. 1) Do you need me to be in Fairhope in person for the deposition? If the answer is yes, please provide the specific date or dates you are requesting, so I can purchase plane tickets to fly to Alabama and back. As you already know, I am currently providing care for my elderly husband in Los Angeles, CA and it will cause us additional hardship and expenses. 2) Can the depositions that you are requesting be conducted remotely by using Zoom or any other teleconferencing app? Please let me know ASAP." (Doc. 57-1 at 3). On April 21, 2025, Kingline's counsel responded: "Yes, the deposition will be in Fairhope. As the Judge mentioned during the Scheduling Conference, the Plaintiff is expected to personally appear for deposition in the District where they chose to initiate the lawsuit. As for the specific date, I am happy to work with you to make it as convenient as possible. I am unavailable the weeks of June 23 and July 28, but can otherwise make myself available for the deposition. Let me know what week or date you prefer and we can finalize the details." (Id. at 2). Later that day, Krishmar-Junker stated: "How is your August schedule? I will be able to fly to Alabama in the month of August." (Id.). Kingline's counsel responded: "I am available all August after August 4 except August 25." (Id. at 1). Krishmar-Junker replied: "I will make arrangements to be in the area after August 4th, 2025." (Id.). Kingline noticed Krishmar-Junker's deposition the following day but listed the date and time of the deposition as "TBD." (See Doc. 43; Doc. 54 at 1; Doc. 57 at 4 n.3).

deposition. (Id. at 1-3). In an email dated May 15, 2025, Kingline's counsel again asked Krishmar-Junker to provide "dates for [her] in-person deposition in Fairhope, Alabama in the month of August 2025" and stated that if she did not, he would "have to begin the process to seek relief from the Court ordering you to appear." (Doc. 57-3). In response to counsel's email, Krishmar-Junker filed the instant motion for a protective order and to quash the notice of deposition served by Kingline on April 22, 2025. (Doc. 54).

In the instant motion, Krishmar-Junker states that she currently resides in Torrance, California "for family health reasons." (Id. at 2). Krishmar-Junker contends it would be "burdensome and oppressive" to "[d]ivert" her "from caregiving" and require her to pay for "a plane ticket, hotel accommodations and car rental" in order to appear for her deposition in Alabama. (Id. at 2-3). Krishmar-Junker suggests that her deposition is unnecessary because "there has already been extensive disclosures on every subject on which [Krishmar-Junker] has any knowledge" and the requested deposition, "at best, will produce duplicative information which has already been provided" by Krishmar-Junker. (Id. at 2-4). Krishmar-Junker's motion requests that the Court "forbid" Kingline from taking her deposition, force Kingline to pay some or all of her travel expenses, or require Kingline to conduct her deposition through a "virtual, teleconferencing

4

discovery method." (Id. at 4).

In its response, Kingline asserts that Krishmar-Junker's "requests should all be dismissed because Krishmar-Junker, by choosing to file this lawsuit in the Southern District of Alabama, has consented to be deposed here." (Doc. 57 at 3). Kingline points out that "[a]s for Krishmar-Junker's vague and unsubstantiated claim regarding 'caregiving,' that concern did not stop Krishmar-Junker from travelling to New York City, New York as recently as March 2025." (Id. at 4 (internal citation omitted)). Kingline notes that Krishmar-Junker initially said she would be able to fly to Alabama for her deposition in August 2025 but "then reneged, asking that the deposition be set remotely." (Id.). Kingline asserts that Krishmar-Junker's "request for 'hotel accommodations' is, at best, misleading" because "Baldwin County Probate records reflect that Krishmar-Junker owns a motel and multiple residences in Baldwin County." (Id. at 3 n.2). Kingline argues that it is necessary to depose Krishmar-Junker in person "because, among other reasons, Krishmar-Junker has alleged that she suffered 'emotional distress' and 'emotional anguish' [and] Kingline must be permitted to directly investigate Krishmar-Junker's claimed damages and evaluate her as a witness to fully evaluate and prepare its defense against her claims and claimed damages." (Id. at 5). Thus, Kingline requests that the Court issue an order compelling Krishmar-Junker to appear in person for

5

her deposition on August 6, 2025, either at the office of Kingline's counsel or at the United States District Courthouse in Mobile, Alabama. (Id.).

In her reply, Krishmar-Junker clarifies that (notwithstanding her assertions to the contrary in the instant motion) she "is not looking to be excused from a deposition and is only asking for the deposition to be conducted remotely, due to the long distance." (Doc. 59 at 1). Krishmar-Junker maintains she has shown good cause for her deposition to be conducted remotely because the "expensive travel on demand for over 2600 miles will cause unnecessary hardship and physical distress for [Krishmar-Junker] and her family." (Id. at 3). Krishmar-Junker acknowledges that she owns a farmhouse and a motel in Baldwin County, Alabama, but she claims both properties are uninhabitable because of Kingline's actions. (Id. at 3-4 & n.1). Krishmar-Junker explains that the "sole purpose" of her recent trip to New York City "was to provide care for a close family member." (Id. at 5). Krishmar-Junker further asserts that her "own health recently started to deteriorate," and that "[Krishmar-Junker] and her husband are a retired older couple not in good health." (Id.). However, Krishmar-Junker claims that her "personal business is unrelated to the disputed matter." (Id.). Krishmar-Junker posits that Kingline is only insisting that she appear for her deposition in person in order to harass and seek sanctions against her. (Id. at 4).

After reviewing Krishmar-Junker's motion and reply (Docs. 54, 59), the undersigned found that Krishmar-Junker had not made the requisite "particular and specific demonstration of fact" to support her position that appearing for a deposition in the Southern District of Alabama would place an undue hardship on her. (Doc. 60). In light of Krishmar-Junker's *pro se* status, the Court afforded Krishmar-Junker one final opportunity to make the necessary showing of good cause to support her motion and directed her to file any additional information or evidence in support of her motion by June 17, 2025. (Id. at 4). In response to the Court's order, Krishmar-Junker filed a note from her psychiatrist stating that "Marina is unable to travel at the present time" because of medical problems.[3] (Doc. 63 at 3). Krishmar-Junker also states that she "has other injuries at this point and hopes and prays she does not have to describe them with further specificity to avoid additional embarrassment." (Id. at 1).

II. **DISCUSSION**

Krishmar-Junker chose to initiate this action in the Southern District of Alabama. "[A] plaintiff generally is subject to deposition in the district in which the suit was brought, even if he or she resides elsewhere." Kean v. Bd. of Trs. of the Three

---

[3] Although it has taken the psychiatrist's note into account, the Court, for privacy purposes, will not repeat Krishmar-Junker's medical problems in this order.

Rivers Reg'l Libr. Sys., 321 F.R.D. 448, 452 (S.D. Ga. 2017) (quotation omitted).

That said, "the district court has great discretion in designating the location of taking a deposition." Partecipazioni Bulgari, S.p.A. v. Meige, 1988 U.S. Dist. LEXIS 12122, at *2, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988). "This discretion stems from Rule 26(c), which allows a court, for good cause, to issue protective orders in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc., 2009 U.S. Dist. LEXIS 92349, at *7, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009) (quotations omitted); see Fed. R. Civ. P. 26(c)(1).

"Rule 26 authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if [she] demonstrates the requisite good cause." Hogue v. McHugh, 2012 U.S. Dist. LEXIS 204432, at *4, 2012 WL 13064092, at *2 (S.D. Fla. Dec. 3, 2012) (citing Fed. R. Civ. P. 26(c)(1)). "Absent a showing of good cause, the Court will apply the general rule, and the plaintiff will be deposed in the forum where the action is pending." Id. "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" Ekokotu v. Fed. Exp. Corp., 408 F. App'x 331, 336 (11th Cir. 2011)

8

(per curiam) (citation omitted). "In addition to requiring good cause, the district court must 'balance the interests of those requesting the order.'" Id. (citation omitted).[4]

Based on the record before the Court, the undersigned finds that Krishmar-Junker has failed to demonstrate good cause for her deposition to be taken remotely. First, Krishmar-Junker chose to pursue litigation in this Court and must bear any reasonable burdens of inconvenience associated with prosecuting a civil action in the Southern District of Alabama. See DeepGulf, Inc. v. Moszkowski, 330 F.R.D. 600, 607-08 (N.D. Fla. 2019). These reasonable burdens include the general requirement for a plaintiff

---

[4] To the extent Krishmar-Junker's motion relies on Federal Rule of Civil Procedure 45 in addition to Rule 26, her reliance is misplaced. Krishmar-Junker's deposition was noticed under Federal Rule of Civil Procedure 30, and a subpoena under Rule 45 is unnecessary to take the deposition of a party. See Moore v. United States, 2022 U.S. Dist. LEXIS 190942, at *4, 2022 WL 11200113, at *2 (M.D. Fla. Oct. 19, 2022) ("[T]he deposition was noticed pursuant to Federal Rule of Civil Procedure 30(b) as Plaintiff is a party to these proceedings. As such, Rule 45, which pertains to subpoenas, does not apply, and Plaintiff's request for the Court to quash the notice pursuant to that rule has no merit."); Bernstein v. Town of Jupiter, 2021 U.S. Dist. LEXIS 249267, at *5, 2021 WL 6135188, at *2 (S.D. Fla. Oct. 21, 2021) ("While not stated explicitly, Federal Rule 30 implies that 'a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party'") (citing 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2107 (3d ed.)); Littman v. Walgreen E. Co., 1998 U.S. Dist. LEXIS 18422, at *4, 1998 WL 812399, at *1 (D. Mass. Nov. 6, 1998) (stating that the provisions in Rule 45 limiting where a deposition may be taken "apply only to the issuance of a subpoena" and "are not controlling on the deposition of the party, for whom a subpoena is not necessary") (quoting 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2460 (2d ed. 1994))).

to travel to the district where the suit is pending for her deposition. See Kean, 321 F.R.D. at 452; Charr v. King, 2023 U.S. Dist. LEXIS 235801, at *3, 2023 WL 9792732, at *1 (S.D. Fla. Nov. 3, 2023).

Second, Krishmar-Junker has not shown that a deposition in Alabama will cause her to experience any undue financial hardship. "Certainly a court may consider a litigant's financial means when considering whether there is 'good cause'—if evidence on this point is submitted to the court. But indigence normally has not absolved a party seeking affirmative relief from [her] duty to submit to a deposition in the forum district." DeepGulf, 330 F.R.D. at 608. By all indications, Krishmar-Junker is far from indigent. Moreover, Krishmar-Junker has presented absolutely no information or evidence suggesting that a deposition in Alabama will cause her to suffer any financial hardship beyond the usual expenses associated with traveling from one place to another. See Huddleston v. Bowling Green Inn of Pensacola, 333 F.R.D. 581, 585 (N.D. Fla. 2019) (noting that a plaintiff "cannot invoke the mere fact [of] inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim") (quotation omitted).

Third, Krishmar-Junker's assertions regarding her need to provide care for her elderly husband in California are far too vague and unsubstantiated to allow this Court to conclude that it

would create an undue burden for Krishmar-Junker to travel to Alabama for a deposition that could presumably be completed within a single day. See Levick v. Steiner Transocean Ltd., 228 F.R.D. 671, 671–72 (S.D. Fla. 2005) (finding that California resident who filed suit in the Southern District of Florida but sought to be deposed in California had "not shown substantial hardship nor compelling grounds for setting aside the general rule regarding location of examinations" because plaintiff's assertions that she was of limited financial means and was caring for her daughter who was gravely ill with cancer lacked details and were unsubstantiated); Culhane v. MSC Cruises (USA), Inc., 290 F.R.D. 565, 567 (S.D. Fla. 2013) (finding that a non-resident plaintiff who claimed she could not travel to the judicial district where her case was pending for her deposition because she was the sole caregiver for her husband suffering from progressive Alzheimer's disease had not established good cause for a protective order where doctor's note provided no indication of how far the husband's disease had progressed and did not preclude the possibility of the husband traveling with the plaintiff); Morgan v. Ferguson, 2022 U.S. Dist. LEXIS 226877, at *3-6, 2022 WL 17736227, at *1-2 (S.D. Fla. Dec. 16, 2022) (finding that plaintiff had not shown the requisite good cause to deviate from the general rule that a plaintiff must make himself available for deposition in the jurisdiction in which he filed suit where plaintiff claimed he was

11

the caretaker for his 82-year-old landlord and would be unable to travel from North Carolina to South Florida without losing his current housing arrangements); cf. Est. of Dash v. United States, 2022 U.S. Dist. LEXIS 109689, at *10, 2022 WL 2208892, at *4 (S.D. Fla. June 21, 2022) (stating that "the burden of childcare responsibilities and limited finances on a plaintiff, standing alone, 'are not good cause to deviate from the general rule'") (citation omitted).  For example, Krishmar-Junker provides essentially no information, much less evidence, regarding the nature and extent of her husband's condition, his need for care, his ability or inability to function independently for a short period of time, his ability or inability to travel with her, or the potential availability of alternative caretakers in her temporary absence.[5]

Fourth, the evidence presented by Krishmar-Junker regarding her own health conditions is too generalized to establish good cause for deviating from the general rule regarding the location of a plaintiff's deposition.  Krishmar-Junker's psychiatrist merely lists diagnoses and states that Krishmar-Junker is on regular medications and unable to travel at the present time. (Doc. 63 at 3).  This is not a particular and specific

---

[5] The Court notes that Krishmar-Junker was recently able to travel to New York City to provide care for another family member, which would suggest that her continuous presence in California to provide care for her husband is not required.

demonstration of fact establishing that Krishmar-Junker is unable to travel to Alabama to attend her own deposition in a case she initiated. Notably, Krishmar-Junker's diagnoses apparently do not preclude her from providing care to family members, nor have they prevented her from traveling to New York City as recently as March 2025, or from litigating this case extremely aggressively on a *pro se* basis. Thus, based on the limited information provided, the Court cannot conclude that Krishmar-Junker would be unduly burdened by traveling to Alabama for her deposition.

Fifth, on balance, the prejudice that Kingline would suffer outweighs Krishmar-Junker's request for a remote deposition. See Charr, 2023 U.S. Dist. LEXIS 235801, at *4, 2023 WL 9792732, at *2 (concluding that prejudice to defendants would outweigh any good cause in permitting plaintiff's remote deposition). "Remote depositions preclude in-person confrontation and the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions." Huddleston, 33 F.R.D. at 585. "These can be highly relevant to judging a witness's credibility." Id. at 586. "Further, experienced questioners find that witnesses (and particularly adverse or hostile witnesses) will more readily yield admissions to a live questioner." Id. at 587 (quotation omitted). Remote depositions "also complicate the process of displaying exhibits to a deponent . . . and can lead to confusion if the interrogator and deponent fail to remain synchronized in their

13

examination of exhibits." Id.; see also Culhane, 290 F.R.D. at 567 (noting that conducting deposition by video teleconference "would make it difficult to refer to documents and photographs central to [defendants'] defense during deposition, and also would make it difficult to assess the Plaintiff's demeanor").  These concerns are heightened in this case because Krishmar-Junker is proceeding without an attorney who could presumably serve to reduce confusion and mitigate some of the complications created by a remote deposition.  Finally, Krishmar-Junker is *the* key witness whose testimony is critical to all aspects of this case, and Kingline should have the opportunity to question her and evaluate her responses in person.  See, e.g., Tsien v. Bd. of Regents of Univ. Sys. of Ga., 2021 U.S. Dist. LEXIS 251493, at *7, 2021 WL 6617307, at *1 (S.D. Ga. Nov. 12, 2021) ("When critical testimony is at issue, the value of accurately assessing credibility is heightened."), aff'd, 2021 U.S. Dist LEXIS 251494, 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021).

### III. CONCLUSION

In sum, Krishmar-Junker has failed to carry her burden of demonstrating good cause for a protective order that precludes Kingline from taking her deposition in person in the Southern District of Alabama.  Accordingly, Krishmar-Junker's motion for protective order and to quash notice of deposition (Doc. 54) is **DENIED**.  Within **seven (7) days from the date of this order**, the

parties are **ORDERED** to telephonically meet and confer in good faith to schedule Krishmar-Junker's in-person deposition in this judicial district during a mutually agreeable date in August 2025, without further Court intervention.  The Clerk of Court is **DIRECTED** to place the exhibit filed by Krishmar-Junker on June 15, 2025 (Doc. 63 at 3) under seal.

    **ORDERED** this **18th** day of **June, 2025.**

                                  **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**