IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARINA KRISHMAR-JUNKER,**<br>  **Plaintiff,** | )<br>)<br>) |
| v. | ) Civil Action No. 1:23-00431-KD-B |
| | ) |
| **KINGLINE EQUIPMENT, INC.,**<br>  **Defendant.** | )<br>) |

## ORDER

This action is before the Court on Plaintiff Marina Krishmar-Junker's ("Plaintiff") objection to the Magistrate Judge's order on May 8, 2025. (Doc. 58). Upon consideration, and for the reasons below, Plaintiff's objection is **OVERRULED**.

### I.   Background

On April 28, 2025, Plaintiff filed a motion to disqualify Magistrate Judge Bivins "pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, based upon the Judge's impartiality and prejudice against a party which could undermine the fairness of the proceedings." (Doc. 46 at 1). On May 8, 2025, Magistrate Judge Bivins issued an order denying Plaintiff's motion. (Doc. 52). On May 22, 2025, Plaintiff filed an objection to the May 8, 2025, order. (Doc. 58).

### II.   Law

A district judge must consider timely objections to a magistrate judge's determination of a nondispositive matter. Fed. R. Civ. P. 72(a). An objection is timely if filed within fourteen days after being served with a copy of the order. Id. An order that does not dispose of a claim or defense of any party, such as an order on a motion to disqualify a judge, is a nondispositive matter. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007)

"Upon timely objection, a magistrate judge's determination of a nondispositive matter is reviewed to see if it is clearly erroneous or contrary to law." 2 Steven F. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 72:48 (2025). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "A magistrate judge's determination is contrary to law if it misinterprets or misapplies the law." 2 Steven F. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 72:48 (2025).

### III. Analysis

The Court has reviewed the relevant portions of the record, which includes: (1) the February 25, 2025, order setting a Rule 16(b) scheduling conference; (2) the audio file from the Rule 16(b) scheduling conference; (3) the Plaintiff's motion to disqualify the Magistrate Judge; (4) the Magistrate Judge's order denying the motion to disqualify; (5) and the Plaintiff's objection to the order. (Docs. 29, 37, 46, 52, 58). Upon review, no part of the Magistrate Judge's order contains clearly erroneous findings or determinations that are contrary to law.

To start, the Magistrate Judge applied the correct law regarding recusal for bias or prejudice under 28 U.S.C. § 144. (Doc. 52 at 4). Recusal under § 144 requires a "timely and sufficient affidavit." 28 U.S.C. § 144. "[T]he moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 133 (11th Cir. 2000). The Magistrate Judge determined that Plaintiff's affidavit in support of her motion to disqualify under § 144 was "legally insufficient because it is devoid of facts and merely states her belief or opinion" that the Magistrate Judge is prejudiced against her. (Doc. 52 at 5 n.2).

The Magistrate Judge's determination that the affidavit is insufficient is not contrary to law. A sufficient affidavit must state material facts with particularity that, if true, would convince a reasonable person that the judge is personally biased. See United States v. Serrano, 607 F.2d 1145, 1150 (5th Cir. 1979) (en banc).[1] Further, the Magistrate Judge's determination is not clearly erroneous. Plaintiff's affidavit does not contain material and particularly stated facts. The affidavit states in full:

> Marina Krishmar-Junker (the "Plaintiff") declares that Sonja F. Bivins, the Magistrate Judge before whom the hearing in the aforesaid action or proceeding is pending, or assigned, is prejudiced against me the Plaintiff, or the interest of me, the Plaintiff, so that declarant cannot, or believes that she cannot have a fair and impartial trial or hearing before such a Judge.

(Doc. 46 at 8). Therefore, the Magistrate Judge's determination that Plaintiff's declaration was legally insufficient to warrant recusal under § 144 is neither contrary to law nor clearly erroneous.

Next, the Magistrate Judge applied the correct law regarding the disqualification of judges under 28 U.S.C. § 455. (Doc. 52 at 5). A magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including "where he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "[T]he standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). The Magistrate Judge determined that Plaintiff's "motion to disqualify is unavailing because she has failed to demonstrate that the [Magistrate Judge] harbors personal bias or prejudice against her, or that a fully informed observer might doubt the [Magistrate Judge's] impartiality in this case." (Doc. 52 at 6).

---

[1] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on district courts in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The Magistrate Judge's determination that Plaintiff's motion is unavailing is not contrary to law. Plaintiff's motion to disqualify the Magistrate Judge is largely based on her qualms with the Magistrate Judge's case management. Citing several federal district court orders, the Magistrate Judge explained that "the Court's case management efforts are not proper grounds for recusal." (Doc. 52 at 7). Indeed, "[t]rial courts have broad powers to manage their cases and control the course of litigation." 1 Steven F. Gensler, <u>Federal Rules of Civil Procedure</u>, <u>Rules and Commentary</u> § 16:8 (2025). Moreover, the Magistrate Judge's finding that Plaintiff's motion is unavailing is not clearly erroneous. The Magistrate Judge explained that Plaintiff's allegations of bias based on her communication with the Magistrate Judge and opposing counsel are speculative and unsupported. (Doc. 52 at 8–13). An independent review of the record, including the audio file from the scheduling conference, supports the Magistrate Judge's findings. Thus, the Magistrate Judge's determination that no reasonable observer could infer bias or partiality based on Plaintiff's claims is neither contrary to law nor clearly erroneous.

### IV.   Conclusion

The Magistrate Judge's order does not contain clearly erroneous findings, and the Magistrate Judge's legal determinations are not contrary to law. Therefore, Plaintiff's objection to the order is **OVERRULED**.

**DONE** and **ORDERED** this **23rd** day of **July 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**