**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARINA KRISHMAR-JUNKER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| | * | **CIVIL ACTION NO. 23-00431-KD-B** |
| **vs.** | * | |
| | * | |
| **KINGLINE EQUIPMENT, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

<u>ORDER</u>

This action is before the Court on Plaintiff/Counterclaim Defendant Marina Krishmar-Junker's motion for leave to file second amended complaint and demand for jury trial (Doc. 68). The motion has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, and for the reasons set forth below, Krishmar-Junker's motion for leave to file a second amended complaint and demand for jury trial is **GRANTED**.

I.   <u>BACKGROUND</u>

On November 14, 2023, Plaintiff/Counterclaim Defendant Marina Krishmar-Junker ("Krishmar-Junker"), who is proceeding *pro se*, filed a complaint against Defendant/Counterclaim Plaintiff Kingline Equipment, Inc. ("Kingline") and paid the filing fee for a civil action. (Doc. 1). Kingline filed a motion to dismiss Krishmar-Junker's complaint for lack of subject matter

jurisdiction and failure to state a claim. (Doc. 8). On May 13, 2024, the Court granted Kingline's motion to dismiss in part and denied it in part, as set out in the report and recommendation of the undersigned Magistrate Judge. (Docs. 15, 16). Specifically, the Court denied Kingline's motion to dismiss Krishmar-Junker's negligence claim; it dismissed Krishmar-Junker's claims for breach of contract and violation of the Magnuson-Moss Warranty Act without prejudice to being repleaded; it dismissed Krishmar-Junker's claims for breach of the implied duty of good faith and fair dealing, violation of the Alabama Deceptive Trade Practices Act, and "Punitive Damages" with prejudice; and it denied Kingline's motion to dismiss for lack of subject matter jurisdiction without prejudice to being reasserted after the filing of an amended complaint. (Doc. 15 at 42-43; Doc. 16).

On May 28, 2024, Krishmar-Junker filed a first amended complaint realleging claims for negligence, breach of contract, and violation of the Magnuson-Moss Warranty Act, and asserting new claims for breach of express warranty, breach of the implied warranty of workmanship, breach of the implied warranty of merchantability, and fraudulent misrepresentation. (Doc. 17). Kingline filed a motion to dismiss Krishmar-Junker's first amended complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. 18). On February 24, 2025, the Court granted Kingline's motion to dismiss Krishmar-Junker's first amended

2

complaint in part and denied it in part. (Docs. 24, 28). Specifically, the Court denied Kingline's motion to dismiss the amended complaint for lack of subject matter jurisdiction but granted its motion to dismiss Krishmar-Junker's claims for breach of contract, breach of express warranty, breach of the implied warranty of workmanship, breach of the implied warranty of merchantability, violation of the Magnuson-Moss Warranty Act, and fraudulent misrepresentation, thus leaving Krishmar-Junker's negligence claim as her only pending claim in this action. (Doc. 28).

On March 11, 2025, Kingline filed an answer to Krishmar-Junker's first amended complaint and a counterclaim against Krishmar-Junker. (Doc. 33). Krishmar-Junker filed a motion to dismiss Kingline's counterclaim. (Doc. 34). On April 14, 2025, while Krishmar-Junker's motion to dismiss Kingline's counterclaim was pending, the undersigned entered a Rule 16(b) scheduling order. (Doc. 40). On June 17, 2025, the Court granted Krishmar-Junker's motion to dismiss Kingline's counterclaim in part and denied it in part. (Docs. 53, 64). Specifically, the Court denied Krishmar-Junker's motion to dismiss Kingline's counterclaim for lack of subject matter jurisdiction and denied her motion to dismiss Kingline's claims for quantum meruit, breach of contract, and account stated, but it granted Krishmar-Junker's motion to dismiss Kingline's unjust enrichment claim. (Doc. 64). On June 21, 2025,

Krishmar-Junker filed an answer to Kingline's counterclaim. (Doc. 67).

On July 7, 2025, Krishmar-Junker filed the instant motion for leave to file a second amended complaint and demand for jury trial, along with a proposed second amended complaint containing a jury demand. (Docs. 68, 68-1). As best the Court can discern, Krishmar-Junker seeks to amend her complaint against Kingline primarily in order to add a jury demand and new claims for wantonness, conversion, trespass of bailment, account stated, and quantum meruit.[1] (See Doc. 68-1). Kingline filed a response in opposition to Krishmar-Junker's motion for leave to amend. (Doc. 76). Krishmar-Junker filed a reply. (Doc. 78). Thus, Krishmar-Junker's motion has been fully briefed and is ripe for resolution.

## II.  LEGAL STANDARDS

"The determination of whether to grant leave to amend the complaint after responsive pleadings have been filed is within the sound discretion of the trial court." Hester v. Int'l Union of Operating Eng'rs, AFL-CIO, 941 F.2d 1574, 1578 (11th Cir. 1991). "The rules of civil procedure restrict that discretion, however, by directing that leave to amend shall be freely given when justice so requires." Id.; see Fed. R. Civ. P. 15(a)(2). "Thus, in the

---

[1] Krishmar-Junker's proposed second amended complaint also includes some relatively small changes to her factual allegations, prayer for relief, and exhibits. (Compare Docs. 17, 17-1, with Doc. 68-1).

4

absence of any apparent reason, leave to amend should be granted." Hester, 941 F.2d at 1578. However, a court need not allow an amendment "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

"An amendment is futile where it fails to state a claim for relief." Fetterhoff v. Liberty Life Assur. Co., 282 F. App'x 740, 742 (11th Cir. 2008) (per curiam) (citing Daewoo Motor Am., Inc. v. General Motors Corp., 459 F.3d 1249, 1260-61 (11th Cir. 2006)). "The standard for dismissal under Rule 12(b)(6) and for determining the futility of an amendment is essentially the same—the complaint's failure to state a claim upon which relief can be granted." Farmers & Merchants Bank v. Fed. Deposit Ins. Corp. for Silverton Bank, N.A., 2011 U.S. Dist. LEXIS 163278, at *2-3, 2011 WL 13217056, at *1 (N.D. Ga. Aug. 18, 2011).

## III. DISCUSSION

### A.   Motion for Leave to File Second Amended Complaint

Kingline argues that Krishmar-Junker's motion for leave to file a second amended complaint should be denied for several reasons. First, Kingline asserts that Krishmar-Junker has "unduly delayed" seeking leave to file a second amended complaint "despite

5

having knowledge of the alleged facts therein for years." (Doc. 76 at 3). Second, Kingline contends that Krishmar-Junker filed the instant motion "in bad faith." (Id.). According to Kingline, Krishmar-Junker "has merely copied and pasted" the claims asserted in Kingline's counterclaim "in retaliation against Kingline and without factual or legal basis" and "has done so to harass Kingline and to needlessly increase the cost of litigation." (Id. at 3-4). Third, Kingline asserts that the claims Krishmar-Junker seeks to add in the second amended complaint "are futile" because they are subject to dismissal for failure to state a claim upon which relief can be granted. (Id.). Kingline argues that the Court "should impose sanctions" on Krishmar-Junker because the instant motion "is brought in bad faith and alleges claims that have no factual or legal basis." (Id. at 13). Kingline therefore requests that the Court enter an order directing Krishmar-Junker "to show cause why she should not be sanctioned for her conduct" in filing the instant motion. (Id. at 14).

The Court in its discretion declines to deny Krishmar-Junker leave to file a second amended complaint due to her alleged "undue delay." While it does appear that Krishmar-Junker was aware of the factual basis for her proposed new claims well before she filed the instant motion, the Court finds that her *pro se* status warrants some leniency with respect to the belated recognition of legal theories and potential claims. See Silberman v. Miami Dade

6

_Transit_, 927 F.3d 1123, 1132 (11th Cir. 2019) (suggesting "that, in some situations, further leniency may be warranted in recognition of the difficulty in proceeding _pro se_"). The Court also notes that Krishmar-Junker filed the instant motion requesting leave to amend before the scheduling order deadline for filing such motions had expired and almost four months before the discovery deadline. _See, e.g._, _Sher v. Raytheon Co._, 2010 U.S. Dist. LEXIS 164666, at *7, 2010 WL 11507785, at *2 (M.D. Fla. Feb. 22, 2010) (finding no undue delay when motion for leave to amend was filed prior to the deadline to amend even though the motion was filed two months before the discovery deadline and more than a year and a half after the litigation began); _Havana Docks Corp. v. Carnival Corp._, 2020 U.S. Dist. LEXIS 199124, at *6, 2020 WL 6290159, at *3 (S.D. Fla. Oct. 27, 2020) ("In light of the fact that Plaintiff filed its Motion within the time period the Court set for the deadline to amend, the Court is unpersuaded by Defendant's arguments regarding . . . alleged undue delay in seeking to amend."). Under these circumstances, the Court cannot definitively find undue delay or dilatoriness on the part of Krishmar-Junker. Additionally, Krishmar-Junker's proposed amendments seem to be based on the same general facts already at issue in this action and do not reflect any substantial change to her overall theory of the case. Thus, it does not appear that

allowing the amendment would unduly prejudice Kingline in defending this lawsuit or in prosecuting its counterclaims.

Nor can the Court conclude that Krishmar-Junker's motion was filed in bad faith. Notably, Kingline's bad faith argument partially relies on disputed *factual* assertions that are not appropriate for resolution on a motion for leave to amend. (See Doc. 76 at 7-8; Doc. 78 at 8-10). Furthermore, it is not clear to the undersigned that the purpose of Krishmar-Junker's proposed amendment is any more retaliatory than that of Kingline's recent counterclaim against Krishmar-Junker. Accordingly, the Court declines to deny Krishmar-Junker leave to amend based on Kingline's allegations of "bad faith."

Finally, as to Kingline's argument that Krishmar-Junker's proposed amendments are futile, "leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face." Montes v. M & M Mgmt. Co., 2015 U.S. Dist. LEXIS 186444, at *2-3, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015). Although Kingline offers relatively brief arguments as to why the proposed new claims are subject to dismissal, the Court finds that such arguments would be better considered on a motion to dismiss. Notably, Krishmar-Junker offers counterarguments that are left unaddressed in the current briefing posture. The Court also notes that Kingline's futility argument relies partly on its own characterization of

8

disputed facts, which suggests that there are debatable issues and that Krishmar-Junker's proposed amendment is not facially frivolous or insufficient. The foregoing suggests that any definitive determination on the sufficiency of the proposed new claims should be saved for more fulsome argument on a motion to dismiss. Accordingly, the Court finds that Kingline has not established sufficient justification to deny Krishmar-Junker leave to amend, and that Krishmar-Junker's motion for leave to file a second amended complaint is due to be granted.

### B. Motion for Leave to File Demand for Jury Trial

As part of her motion, Krishmar-Junker seeks leave to amend her complaint to "affirm [her] demand for a jury trial." (Doc. 68 at 3; Doc. 68-1 at 1, 20). Kingline's response does not address Krishmar-Junker's request to amend her complaint to include a jury demand. (See Doc. 76). Thus, it appears that Krishmar-Junker's request to add a jury demand to her complaint is unopposed.

"On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). "A 'pleading' for the purposes of Rule 38 are the pleadings listed in Rule 7(a): complaints, answers to complaints, answers to counterclaims, answers to crossclaims, third-party complaints,

9

answers to third-party complaints, and replies to answers." Serendipity at Sea, LLC v. Underwriters at Lloyd's of London Subscribing to Pol'y No. 187581, 2023 U.S. Dist. LEXIS 38073, at *1, 2023 WL 12058613, at *1 (S.D. Fla. Mar. 7, 2023). "A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial." Thomas v. Home Depot USA, Inc., 661 F. App'x 575, 577 (11th Cir. 2016) (per curiam). However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

Krishmar-Junker's original complaint and first amended complaint in this case did not demand a jury trial.[2] (See Docs. 1, 17). Kingline's answer and counterclaim dated March 11, 2025, also did not include a jury demand. (See Doc. 33). However, in her answer to Kingline's counterclaim dated June 21, 2025, Krishmar-Junker included a jury demand, which stated: "Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure." (Doc. 67 at 8).

"If the counterclaim raises the same issues as the answer, a jury demand within [fourteen] days of the reply will be effective for all issues raised by the answer and counterclaim." Whirlpool

---

[2] On the civil cover sheet for this case, Krishmar-Junker checked "No" when asked whether her complaint contained a jury demand. (Doc. 1-3).

Fin. Corp. v. Sevaux, 866 F. Supp. 1102, 1105 (N.D. Ill. 1994) (citing 9 Wright & Miller, Federal Practice and Procedure § 2320, at 93 (1971)). "However, where the counterclaim raises new issues, a demand within [fourteen] days of the reply will be effective as to those issues but not as to the issues addressed in the answer and complaint." Id. "[T]he question is whether the issues raised in the counterclaim and reply are 'essentially similar to those in the complaint,' in which case 'a jury demand timely as to the former but not the latter, will extend to all issues in the case.'" Winchester Indus., Inc. v. Sentry Ins., 630 F. Supp. 2d 237, 240 (D. Conn. 2009) (quoting Transocean Air Lines v. Pan American World Airways, 36 F.R.D. 43, 45 (S.D.N.Y. 1964)).

"The last pleading in Rule 38 usually means an answer or a reply to a counterclaim." Matter of Texas Gen. Petroleum Corp., 52 F.3d 1330, 1339 (5th Cir. 1995). Krishmar-Junker's jury demand was made when she filed her answer to Kingline's counterclaim, and it was therefore timely. See Allen v. Reynolds Inliner, LLC, 2012 WL 13014113, at *2 (N.D. Ga. Feb. 23, 2012) ("Plaintiff made his motion for a jury trial on the same day that he filed his answer to defendant's original counterclaim. Accordingly, plaintiff's demand for a jury trial is timely with regard to the issues raised in his complaint, Reynolds' answer and counterclaim, and plaintiff's answer to the counterclaim."). Although Kingline's counterclaim includes a few factual allegations that are not raised

11

in Krishmar-Junker's complaint, the issues raised in the complaint and counterclaim are inextricably intertwined. See Whirlpool, 866 F. Supp. at 1105 (finding that jury demand timely filed in relation to reply to counterclaim was timely as to all issues because "[a]lthough some of the factual issues raised by Sevaux in his counterclaims were not addressed in WFC's complaint, they [were] inextricably intertwined with WFC's allegation that he wrongfully failed to repay the Note"). Accordingly, the Court finds that the jury demand raised in Krishmar-Junker's answer to Kingline's counterclaim was timely as to all issues.

Even if it were to find waiver of Krishmar-Junker's right to a jury trial with regard to the issues raised in her complaint, the Court would construe the instant motion as a motion seeking relief under Rule 39(b) and grant such relief. In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" Parrot v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (quoting Swofford v. B & W, Inc., 336 F.2d 406, 408 (5th Cir. 1964)); Sullivan v. Sch. Bd. Of Pinellas Cnty., 773 F.2d 1182, 1188 (11th Cir. 1985). Although district courts have broad discretion in applying Rule 39(b), the Eleventh Circuit has provided five factors to consider when doing so: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion

would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Parrot, 707 F.2d at 1267. A consideration of these factors reveals no compelling reason to deny Krishmar-Junker's request for a jury trial. This case involves interrelated, fact-intensive issues that are best determined by a jury. The Court's schedule is unlikely to be disrupted by a jury trial, and Kingline is unlikely to be prejudiced because the trial of this case will not take place until April 2026 at the earliest. Indeed, Kingline does not appear to oppose Krishmar-Junker's request for a jury trial. Although the fourth and fifth factors may militate somewhat in the other direction, a balancing of the Parrott factors weighs in favor of granting Krishmar-Junker's request for a jury trial. Accordingly, the Court finds that Krishmar-Junker's motion is due to be granted to the extent it seeks to include a jury demand in the second amended complaint.

### C.   Subject Matter Jurisdiction

As a final matter, the Court finds it necessary to *sua sponte* address the jurisdictional allegations in Krishmar-Junker's proposed second amended complaint, because they are deficient. Federal subject matter jurisdiction in this case is based on diversity of citizenship jurisdiction. See 28 U.S.C. § 1332(a)(1).

13

Diversity jurisdiction requires complete diversity of citizenship between the plaintiff and defendant and an amount in controversy that exceeds $75,000, exclusive of interest and costs.  <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).[3]

"When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." <u>Travaglio v. Am. Exp. Co.</u>, 735 F.3d 1266, 1268 (11th Cir. 2013).  Where, as here, federal jurisdiction is based on diversity of citizenship, the complaint's factual allegations "must include the *citizenship* of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  <u>Id.</u> (emphasis added).  An allegation of "residence alone is not enough."  <u>Id.</u> at 1269; <u>see</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  "Citizenship for diversity purposes is determined at the time the suit is filed."  <u>MacGinnitie v. Hobbs Grp., LLC</u>, 420 F.3d 1234, 1239 (11th Cir. 2005); <u>see</u> <u>Harris v. Garner</u>, 216 F.3d 970, 983 (11th Cir. 2000) ("It is well established that the only citizenship of the original parties that

---

[3] Although both parties appear to agree that complete diversity of citizenship exists, "jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation."  <u>Banci v. Wright</u>, 44 F. Supp. 2d 1272, 1274 (S.D. Fla. 1999).

matters for purposes of determining whether diversity jurisdiction exists is their citizenship at the time the lawsuit is filed; any changes in a party's citizenship that occur after filing are irrelevant.").

For a natural person, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58 (quotations omitted); see also Travaglio, 735 F.3d at 1269 (noting that "domicile requires both residence in a state and an intention to remain there indefinitely") (quotation omitted).

For diversity purposes, a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). This is the place "where a corporation's officers direct, control, and coordinate the corporation's activities." Id. "And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . ." Id. at 93. "The nerve center is where high-

15

level corporate decisions are made, not the location of day-to-day operations." <u>Free Speech Found., Inc. v. Gold</u>, 2022 U.S. Dist. LEXIS 219874, at *3, 2022 WL 17451986, at *1 (M.D. Fla. Dec. 6, 2022).

Krishmar-Junker's proposed second amended complaint does not adequately allege diversity jurisdiction because it does not properly allege the state citizenship of either party at the time this action was filed and therefore does not demonstrate complete diversity of citizenship. The proposed second amended complaint lists only Krishmar-Junker's *current* state of *residence*, which is doubly insufficient to allege an individual's citizenship for the purposes of diversity jurisdiction. <u>See</u> <u>Travaglio</u>, 735 F.3d at 1269; <u>Harris</u>, 216 F.3d at 983. Additionally, the proposed second amended complaint merely alleges that Kingline "is a Florida for-profit corporation, located at 3221 Highway 29 South in the city of Cantonment, Florida," without specifically identifying every state by which Kingline has been incorporated and the state where Kingline has its principal place of business. Accordingly, prior to filing her second amended complaint, Krishmar-Junker must correct her jurisdictional allegations to allege facts sufficient to show what her state citizenship was based on her domicile at the time she filed her original complaint, and what Kingline's state citizenship was based on its state(s) of incorporation and

16

principal place of business at the time this action was originally filed.[4]

It bears noting that Kingline and Krishmar-Junker both failed to comply with Federal Rule of Civil Procedure 7.1(a)(2), which requires all parties in a diversity action, including individuals and corporations, to file a disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party" at the time the action is "filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2); see Villamil v. Fayrustin, 730 F. Supp. 3d 328, 340-42 (W.D. Tex. 2024) (requiring all parties to a diversity case, including individuals and corporations, to file disclosure statements disclosing whatever facts are necessary for the court to determine that party's citizenship); Jeffries v. Penn-Star Ins. Co., 2024 U.S. Dist. LEXIS 169744, at *3, 2024 WL 4215747, at *1 (S.D. Ill. Aug. 13, 2024) ("Effective December 1, 2022, all parties (even individuals) must file a Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1(a)(2)."). To correct that

---

[4] Krishmar-Junker also alleges in her proposed second amended complaint that the Court has subject matter jurisdiction under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq. (Doc. 68-1 at 2). However, the Court has dismissed Krishmar-Junker's claim under the MMWA (Doc. 28 at 2), and no such claim is included in the proposed second amended complaint. Therefore, the Court does not have jurisdiction under the MMWA, and Krishmar-Junker must remove the improper jurisdictional allegation in Paragraph 7 prior to filing her second amended complaint.

omission, the Court will require Krishmar-Junker and Kingline to file their respective disclosure statements prior to the filing of Krishmar-Junker's second amended complaint.

**IV.  CONCLUSION**

Based on the foregoing, Krishmar-Junker's motion for leave to file second amended complaint and demand for jury trial (Doc. 68) is **GRANTED**.  Krishmar-Junker is **ORDERED** to file and serve her second amended complaint and demand for jury trial on or before **September 12, 2025**.  Except for its jurisdictional allegations, which must be corrected to comply with the directives set forth in Section III.C. of this order, this pleading must be identical to the proposed second amended complaint appended to the motion (Doc. 68-1).

Kingline shall file its answer or otherwise respond to the second amended complaint on or before **September 26, 2025**.  Kingline shall be free to reassert any of futility arguments raised in opposition to the proposed amendment in response to the second amended complaint, to the extent such arguments remain viable. Kingline's requests for a show cause order and sanctions (Doc. 76 at 13-14) are **DENIED**.

Krishmar-Junker and Kingline are **ORDERED** to file their respective disclosure statements on or before **September 5, 2025**, using this Court's standard disclosure statement form, which can

18

be found on the Court's external website.[5]  In response to the second question on the form, each party must provide the facts necessary to identify that party's state citizenship <u>at the time this action was filed</u>.

**DONE** and **ORDERED** this **2nd** day of **September, 2025.**

<u>    /s/ SONJA F. BIVINS    </u><br>
**UNITED STATES MAGISTRATE JUDGE**

---

[5] https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf